STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellant,

v.

Albert LIVERETT et al., Defendants-Appellees.

No. 72–1899.

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 15, 1973.

Dorrance Aultman, Hattiesburg, Miss., Natie P. Caraway, Jerome Steen, Jackson, Miss., for plaintiff-appellant.

Jon A. Swartzfager, Laurel, Miss., for Stanley K. Posey.

Leonard B. Melvin, Jr., Laurel, Miss., for Calvin Vester Brownlee.

Paul Holmes, Hattiesburg, Miss., for Albert Liverett and Steven Ledford.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

Appellant State Farm Mutual Automobile Insurance Company brought this declaratory judgment action to determine whether its liability under a policy of automobile insurance had been terminated. State Farm alleged that the automobile had been sold by the insured, in violation of the policy's contractual requirement that the named insured be and remain the sole owner of the vehicle. The District Court found that ownership of the automobile had not been transferred, so it denied State Farm's prayer for declaratory relief. We affirm.

The automobile in question was owned by the insured, Steven D. Ledford, a resident of Mississippi. On October 9, 1970, the automobile was involved in

* Rule 18, 5th Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 431 F.2d 409, Part I (5th Cir. 1970).

an accident while being driven by Albert Liverett, a friend of Ledford. State Farm alleged that it is not responsible on the policy issued to Ledford because, at the time of the accident, ownership of the automobile had been transferred from Ledford to Liverett under an informal arrangement. Thus, the sole issue before the District Court was whether ownership was in Ledford, the insured, at the time of the accident. If so, then State Farm would be liable for the negligence of Liverett, who was driving the car with Ledford's permission.

State Farm admitted that no formal transfer of title had taken place, as required by Section 8065 of the Mississippi Code. Nor had the automobile been registered with the State of Mississippi as being owned by Liverett. State Farm contended, however, that Ledford had sold the automobile to Liverett on the condition that formal title would be transferred, and a bill of sale written, when Liverett had completely paid for it.

█ █ This question was one for the District Court. We have carefully reviewed the evidence presented and, although we recognize that it is the duty of an appellate court to correct clear error even in findings of fact, the choice by the trier of fact here was between two views of the weight of the evidence. Its decision is not clearly erroneous within the meaning of Rule 52(a), F.R. Civ.P., United States v. Yellow Cab Co., 338 U.S. 338, 341, 70 S.Ct. 177, 94 L. Ed. 150 (1949). There is sufficient evidence to support the District Court's conclusion that, at the time of the accident, Liverett had no legal or equitable ownership interest in the automobile but was using it with the express permission of its owner Ledford.

█ █ State Farm also contends that the District Court erred when it chose to disregard Liverett's testimony in its entirety. At the trial, Liverett's testimony was admittedly inconsistent with the testimony that he had given in an earlier deposition. In its memorandum decision, the District Court stated that it was laying aside Liverett's "versatile" testimony in its entirety, deciding the case on the other "credible and convincing testimony." The decision to disregard all of Liverett's testimony was well within the discretion of the District Court. A District Court is not required to choose between two conflicting statements of a single witness if other substantial and credible evidence is available. *Cf.* In Re Gustav Schaefer Co., 103 F.2d 237, 242 (6th Cir. 1939).

Affirmed.